LAW OFFICES OF:
# Bellah Perez, PLLC
Attorneys at Law
5622 W. Glendale Avenue
Glendale, Arizona 85301
———————

Telephone: (602) 252-9937
Fax: (623) 939-3214

Cristina Perez-Hesano, #027023
cperez@bellahperez.com
Attorneys for Debtor/Movant

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>CARLOS V. PASSAPERA,<br>    Debtor(s). | Chapter 7 Case<br>Case No. 2:15-bk-02947-BKM |
| CARLOS V. PASSAPERA,<br>    Movant(s),<br>vs.<br>EDDY FEDERAL CREDIT UNION,<br>    Respondent(s), | **JOINT RULE 9019 MOTION TO APPROVE SETTLEMENT BETWEEN CARLOS V. PASSAPERA AND EDDY FEDERAL CREDIT UNION** |

Carlos V. Passapera ("Movant or Debtor") and Eddy Federal Credit Union through their respective undersigned counsel, submit this Joint Rule 9019 Motion to Approve Settlement ("Motion"), between Carlos V. Passapera and Eddy Federal Credit Union ("Respondent") pursuant to Federal Rules of Bankruptcy Procedure, Rule 9019. This motion is supported by the following Memorandum of Points and Authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

I.    <u>JURISDICTION</u>

This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §157 and 1334(b). The relief requested is authorized under Rule 9019 of the Fed. R. of Bankr. P.

5040234v1(88888.754)
Case 2:15-bk-02947-BKM   Doc 46   Filed 07/23/15   Entered 07/23/15 18:37:22   Desc
Main Document   Page 1 of 7

## II. FACTUAL BACKGROUND

1. Sometime in August 2010, prior to filing his Chapter 13 case, Debtor purchased a vehicle which was financed through Respondent.
2. On Monday, March 11, 2015, Respondent repossessed Debtor's vehicle.
3. On Wednesday, March 18, 2015, Debtor filed a Chapter 13 bankruptcy, Case #2:15-bk-02947-BKM.
4. Respondent was listed in Debtor's Schedule D and the Respondent Mailing Matrix.
5. Post-petition, Debtor communicated with Respondent regarding the filing of the bankruptcy case and demanded a return of the vehicle. A dispute over the turnover of the vehicle developed and the matter could not be resolved between counsel.
6. A Motion to Compel Turnover was subsequently filed on March 20, 2015. A Motion to Expedite Hearing on Motion to Compel Turnover was filed on Saturday, March 21, 2015.
7. The expedited hearing was held before Honorable Judge Sala on March 24, 2015 at 1:30 p.m.
8. Judge Sala found that the continued possession of the vehicle did constitute a violation of the automatic stay and ordered the vehicle to be returned immediately.
9. Judge Sala deferred Debtor's request for damages and determination of storage fee entitlements for this Court.
10. On April 1, 2015, Respondent filed its Proof of Claim.
11. On May 13, 2015, Respondent filed *Eddy Federal Credit Union's Objection to Confirmation of Chapter 13 Plan and Application for Payment of Administrative Expenses* where creditor objected to Debtor's proposed vehicle value; proposed interest rate; adequate protection payments as listed in the Chapter 13 Plan; and sought attorney and recovery fees of approximately $5,519.00.

12. On May 23, 2015, Debtor filed his *Response to Eddy Federal Credit Union's Objection to Confirmation of Chapter 13 Plan and Application for Payment of Administrative Expenses.*

13. On May 23, 2015, Debtor filed his *Motion for Damages Against Eddy Federal Credit Union Pursuant to 11 U.S.C. §362(k)(1) and 11 U.S.C. §105(a) for Violation of 11 U.S.C. §362(a)(3)* requesting the Court grant Damages against Respondent for their willful, malicious and intentional violation of 11 U.S.C. §362(a)(3).

14. After conferring, Parties have come to a mutually favorable resolution that will resolve all pending issues and disputes.

III. SETTLEMENT AGREEMENT

This Motion seeks approval of the terms listed herein entered into between the Movant and Respondent. Parties believe that the following terms of the Agreement are favorable to each side. The agreement will resolve all pending disputes between the Parties and will avoid continued litigation on *Eddy Federal Credit Union's Objection to Confirmation of Chapter 13 Plan and Application for Payment of Administrative Expenses; Motion for Damages Against Eddy Federal Credit Union Pursuant to 11 U.S.C. §362(k)(1) and 11 U.S.C. §105(a) for Violation of 11 U.S.C. §362(a)(3);* and Debtor's objection to Respondent's Proof of Claim which has not yet been filed.

Parties recognize and agree that unnecessary additional fees, costs, time and effort will need to be incurred to fully resolve all pending matters , and in an effort to avoid those expenses, desire to settle all remaining issues between the Parties by virtue of this Joint 9019 Motion. The agreement will result in significant benefits to the Parties.

The Parties have agreed as follows:

1. Eddy Federal Credit Union agrees to pay Bellah Perez, PLLC $1,350.00 for attorney fees. Bellah Perez, PLLC will not file a fee application for additional work and fees associated

3

with the *Motion for Damages Against Eddy Federal Credit Union Pursuant to 11 U.S.C. §362(k)(1) and 11 U.S.C. §105(a) for Violation of 11 U.S.C. §362(a)(3)*.

2. Eddy Federal Credit Union will amend its Proof of Claim to a total of $11,280.62. This total is comprised of $9,875.87 which is the balance remaining on the subject vehicle and $1,404.75 for incurred attorney fees and costs.

3. The vehicle interest rate shall be 5.25%.

4. Parties agree to adequate protection payment amount of $98.60.

5. Upon approval of this Motion, Eddy Federal Credit Union will withdraw its *Objection to Debtor's Chapter 13 Plan.*

6. Since this Agreement is subject to Bankruptcy Court approval, Movants shall prepare, file and serve this Motion.

7. The Parties agree that no fact, event circumstance, evidence or transaction which could now be asserted or which may hereafter be discovered shall affect in any manner the final, absolute and unconditional nature of the release set forth above.

8. The Parties understand, acknowledge and agree that the release set forth above may be pleaded as a full and complete defense and may be used as a basis for an injunction against any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of the provisions of such release.

IV. <u>LEGAL ANALYSIS</u>

Federal Rules of Bankruptcy Procedures, Rule 9019(a) permits the court to approve a compromise or settlement agreement. Fed. R. Bankr. P. 9019(a). In fact, "[s]ettlements are generally favored in bankruptcy proceedings, in that they provide for an often needed and efficient resolution of

4

Case 2:15-bk-02947-BKM    Doc 46    Filed 07/23/15    Entered 07/23/15 18:37:22    Desc
Main Document    Page 4 of 7

the bankruptcy case." *Tindall v. Mavrode (In re Mavorde),* 205 B.R. 716 (Bankr. D.N.J. 1997). See also *In re Stein,* 236 B.R. 34, 37 (D. Or. 1999) (Pursuant to Bankruptcy Rule 9019(a), compromises are favored in bankruptcy…."); *Hicks, Muse & Co. v. Brandt (In re Healthco Int'l, Inc.),* 136 F.3d 45, 50 n. 5 (1st Cir. 1998) ("Compromises are favored in bankruptcy.")

The Ninth Circuit Court of Appeals has long recognized that "[t]he bankruptcy court has great latitude in approving compromise agreements." *Woodson v. Fireman's Fund Ins. Co. (In re Woodson),* 108 F.3d. 213, 215 (9th Cir. 1997). The purpose of such a compromise is to allow a debtor in possession "to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Martin v Kane (in re A & C Properties),* 784 F.2d 1377, 1380-81 (9th Cir. 1986). In approving a settlement agreement, the Court need not conduct either an exhaustive investigation in to the validity, or a mini-trial on the merits, of the claims sought to be compromised. *United States v. Alaska National Bank (In re Walsh Constr., Inc*.), 669 F.2d 1325, 1328 9th Cir. 1982). Rather, it is sufficient that the Court find that the settlement was negotiated in good faith and is reasonable, fair and equitable. *In re A & C Properties,* 784 F.2d at 1381.

The following factors have been identified by the Ninth Circuit Court of Appeals for consideration in determining whether a proposed settlement agreement is reasonable, fair and equitable:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (d) the paramount interest of the Respondents and a proper deference to their reasonable views in the premises.

*Id.* Considerations of these factors does not require the Court to decide the questions of law and face raised in the controversies south to be settled, or to determine whether the settlement presented is the best one that could possibly have been achieved. Rather, the Court need only canvass

5

Case 2:15-bk-02947-BKM    Doc 46    Filed 07/23/15    Entered 07/23/15 18:37:22    Desc
Main Document    Page 5 of 7

the issues to determine whether the settlement falls "below the lowest point in the zone of reasonableness." *Newman v. Stein,* 464 f.2d 689, 698 (2d Cir. 1972); *Goodwin v. Mickey Thompson Ent. Group,* 292 B.R. 415, 420 (9th Cir. B.A.P. 2003). It is well-established that compromises are favored in bankruptcy. *Id.*

The Court should approve the settlement. The Agreement here will avoid further unnecessary cost and expense to the Parties. Absent a settlement, resolving separate disputes for the *Motion for Damages Against Eddy Federal Credit Union Pursuant to 11 U.S.C. §362(k)(1) and 11 U.S.C. §105(a) for Violation of 11 U.S.C. §362(a)(3);* ECFU's Objections to Debtor's Chapter 13 Plan; and Debtor's Objection to EFCU's Proof of Claim would be required. Settlement of all these issues provides a favorable resolution to all Parties and would allow a successful reorganization of Debtor's Chapter 13 Plan of Reorganization.

V. <u>CONCLUSION</u>

Based upon the factual and legal arguments, Movants request the Court to enter its order, pursuant to Federal Rule of Bankruptcy Procedure 9019(a), approving the terms set forth herein, granting the Motion, and for other such relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED**: this 23rd day of July, 2015.

| | |
|---|---|
| **BELLAH PEREZ, PLLC** | **JENNINGS, STROUSS & SALMON, PLC** |
| By: /s/ Cristina Perez Hesano | By: /s/ Bradley J. Stevens |
| Cristina Perez Hesano | Bradley J. Stevens |
| Attorney for Debtor/Movants | Attorney for Creditor/Respondent |

Bellah Perez, PLLC
5622 W. Glendale Avenue
Glendale, Arizona 85301

COPIES of the foregoing delivered this __23rd__ day of July, 2015 via the Court's CM/ECF system on all parties requesting notice.

COPIES of the foregoing delivered this __23rd__ day of July, 2015 via *Email/US Mail on the following:

**U.S. Trustee:**
Office of the U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, Arizona 85003

**\*Trustee:**
Russell Brown
*Via email: ecfmailclient@ch13bk.com*

**\*Counsel for Respondent/Respondent:**
Bradley Stevens
*Via email: BStevens@jsslaw.com*

**\*Debtor/Movant:**
Carlos V. Passapera
*Via email: cofresivictor@gmail.com*

/s/Cristina Perez Hesano
Cristina Perez Hesano